```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

WARREN RICHARD GRISWOLD,      )
          Plaintiff,          )
                              )
     v.                       )  C.A. No. 04-10928-MEL
                              )
SADDAM HUSSEIN, et al.        )
          Defendants.         )
```

## MEMORANDUM AND ORDER

For the reasons stated below, this action shall be dismissed.

## FACTS

On May 10, 2004, plaintiff Warren Griswold, a resident of Boston, filed an application to proceed without prepayment of fees[1] and a "criminal" complaint against Saddam Hussein, Osama Bin Laden, and Michael Newdow. He lists the United States of America and the United Arab Republic of Iraq as co-plaintiffs. Compl. ¶¶ 2-3. In his complaint, Griswold alleges, among other things, that the September 11, 2001 terrorist attacks where orchestrated by these defendants and that an asteroid is about to collide with Earth. Id.

---

[1] It appears that Griswold filed four previous actions in this Court while he was incarcerated and was deemed to be ineligible to proceed in forma pauperis under Section 1915(g) while a prisoner because three or more actions of these actions were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. See Griswold v. Griswold, C.A. No. 01-40062-NMG (dismissing; plaintiff has received three strikes under § 1915(g)); Griswold v. Mass. Higher Educ. Assistance Corp., C.A. No. 98-40070-NMG (dismissing under § 1915(e)(2)); Griswold v. Cassey, C.A. No. 99-11110-REK (dismissing); Griswold v. Cassey, C.A. No. 99-40140-NMG (dismissing under § 1915(e)(2)).

at p. 4-7.

## ANALYSIS

I. <u>Griswold May Only Represent Himself</u>

As a general rule, a plaintiff who is not an attorney may only represent himself, not any other party.  See <u>Feliciano v. DuBois</u>, 846 F. Supp. 1033, 1039 (D. Mass. 1994) (stating that "an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); L.R. 83.5.3(c) ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf."); <u>accord</u> <u>Cheung v. Youth Orchestra Found. of Buffalo, Inc.</u>, 906 F.2d 59, 61 (2d Cir. 1990) (non-attorney parent may not bring an action on action on behalf of child without representation by counsel); <u>cf.</u> <u>Barrows v. Jackson</u>, 346 U.S. 249, 254 (1953) (as a general rule, a party does not have standing to vindicate the constitutional rights of another party).

Thus, to the extent that Griswold is attempting to represent the United States of American and the Republic of Iraq or any other entity or person other than himself, the claims on behalf of these persons or entities shall be dismissed, <u>Feliciano</u>, 846 F. Supp. at 1039, and the Clerk is directed to correct the caption of this action to reflect that Griswold is the only plaintiff in this action.

II.  <u>The Court May Screen This Action</u>

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.  <u>See</u> 28 U.S.C. § 1915.  A district court may dismiss a complaint filed <u>in forma pauperis</u> "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).

<u>In forma pauperis</u> complaints may be dismissed <u>sua sponte</u> and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992)  Here, plaintiff's claims are based on an indisputably meritless legal theory because federal courts do not have jurisdiction over criminal cases unless they are prosecuted by the United States attorney and private citizens lack standing to bring criminal complaints in federal court.

A.  **Plaintiff, as a Private Citizen, Cannot Prosecute a Criminal Action**

Federal courts do not have jurisdiction over criminal cases unless they are prosecuted by the United States Attorney.  See e.g., United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]here is a long line of cases holding that federal courts have no jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney."); Pugach v. Klein, 193 F. Supp. 630, 633-635 (S.D.N.Y. 1961) (power to enforce criminal law vested in executive branch by Constitution; no residual power in private citizens to enforce law when United States Attorney does not prosecute).

Section 547 of title 28 states that "Except as otherwise provided by law, each United States attorney, within his district, shall (1) prosecute all offenses against the United States."  28 U.S.C. § 547 (1) (emphasis added).  Plaintiff does not have standing to bring a criminal action because no statute authorizes him to do so.  Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)

4

(a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).[2]  Thus, the complaint shall be dismissed.  See Kennan, 328 F.2d at 611; Cok, 876 F.2d at 2; Warfield, 184 F.R.D. at 555.

## CONCLUSION

ACCORDINGLY, the complaint will be dismissed for the reasons stated above.

The Clerk is directed to correct the case caption for this action to reflect that Griswold is the sole plaintiff in this action.

Dated at Boston, Massachusetts, this __24th__ day of May, 2004.

>     s/ Morris E. Lasker
>     MORRIS E. LASKER
>     UNITED STATES DISTRICT JUDGE

---

[2] Dugar v. Coughlin, 613 F. Supp. 849, 849 n.1 (S. D. N. Y. 1999) (plaintiff could not bring action under 18 U.S.C. § 2071); Milburn v. Blackfrica Promotions, Inc., 392 F. Supp. 434, 435 (S.D.N.Y. 1974) (prosecution of mail fraud and conspiracy to commit mail fraud entrusted solely to the federal government); United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]he prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys."); In re Trustee in Bankruptcy, 173 B.R. 341, 342 (N.D. Ohio 1994) ("Neither a private person nor an attorney acting on behalf of a party to litigation ...has authority or responsibility for investigating and prosecuting alleged violations of federal criminal law.").